SCHOTT, Judge.
Gwladys Howard Fontaine, the mother of Warren Grilletta, filed this suit on January 9, 1979, for worker’s compensation benefits against McDonald Systems, Inc. in connection with the shooting of Grilletta while he was in the course and scope of his employment on January 10,1978, and his resulting death on February 22. On February 9, 1980, the parties filed a joint petition to compromise the claim and a judgment of compromise was rendered on February 11. On March 26, 1981, (over three years after Grilletta’s death, see LSA-C.C. Art. 3538) the State of Louisiana, through the Department of Health and Human Resources (Department) filed a “petition to annul judgment and for medical expenses” in which it alleged that immediately following his injury Grilletta was taken to Charity Hospital where he was treated and remained until his death on February 22. Defendant, McDonald Systems, Inc. and its insurer, filed an exception of prescription which was sustained by the trial court. The Department has appealed from that judgment dismissing its case. The issue is whether the Department’s claim was prescribed considering the particular facts and circumstances of this case.
LSA-R.S. 46:11.1 provides as follows:
“A. The Department of Health and Human Resources, on behalf of any of the general charity hospitals under the administration of said department, or the United States, on behalf of any veterans administration hospital in the state, may intervene at any time prior to judgment in any personal injury suit or in any suit involving workmen’s compensation claims in which any of these hospitals has an interest, for the purpose of recovering the cost of drugs, X-rays, laboratory fees, surgical, medical, and other expenses of hospitalization and services rendered.
B. It is the intention of this Section that prescription shall not run against the intervention by the department or a veterans administration hospital in the state in any such suit in which any of them may have an interest until judgment has been rendered in the cause in the court of original jurisdiction or the prescriptive period provided by law for the cause of action has run, whichever is the later.”
It seems clear that the Department’s claim was prescribed under § B since it sought to intervene in the proceedings more than a year after the judgment of compromise was signed. This is the later date provided under the statute since the original prescriptive period was one year from the date of Grilletta’s death. R.S. 23:1209.
In this court the Department challenges the judgment on two grounds: “(1) The debt due the State was acknowledged by defendant by its handwritten note following the Petition for Compromise; (2) Prescription does not run against one who has no knowledge of the facts giving rise to the claim, especially when another party asserting prescription has not followed the statutory requirements for service.”
In support of its first argument the Department refers us to a handwritten note, written on the last page of the joint petition to compromise the claim, initialed by counsel for both parties, and reading: “All medicals paid by McDonald Systems.” The department contends that this was sufficient to acknowledge the debt so as to interrupt prescription in accordance with C.C. Art. 3520 which provides “prescription ceases likewise to run, whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed.” The Department correctly argues that an acknowledgment under Art. 3520 need not be in any particular form but may be made verbally, in writing, by partial payment, by payment of interest, or by pledge, or in other ways; and that it may be implicit or it may be inferred from the facts and circumstances. Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La. *554 1980). There is no explanation in the record, nor was counsel for defendants able to offer any, for the reason that the handwritten note was placed on the petition for a joint compromise of the claim. We can only speculate that the trial judge asked counsel for the parties if the bills were paid and asked for an indication on the petition to that effect.
R.S. 46:13 requires that the superintendent or director of the charity hospital providing treatment give notice to the employer or the insurance company that the patient is being treated and that charges will be made for the treatment. We can infer from the record that the Department was on notice that Grilletta might have a workmen’s compensation claim. The Department’s petition alleges that he was taken to Charity Hospital when he was shot and was treated there for over six weeks until his death. We note that R.S. 46:13 goes on to provide that the failure of the hospital to give the notice required by the statute “shall not relieve the employer or the insurance company from liability when notice has been otherwise received” but we cannot infer that defendants had such notice. Perhaps they had notice that Grilletta was being treated at Charity Hospital, but nothing supports the inference that they had notice that the hospital would make charges for this treatment. Defendants could not acknowledge a claim of which they had no knowledge. Accordingly, we do not find that C.C. Art. 3520 has any application to the case.
The Department’s second argument is based primarily on the failure of compliance with R.S. 46:9 which provides as follows:
“A. Any person who has received in any of the charity hospitals of the state or in a veterans administration hospital in the state treatment for injuries which might entitle him to damages or compensation, and who files suit for the recovery of the damages or compensation, shall cause a copy of the petition to be served on the hospital from which he received treatment, or on the attorney designated to represent the hospital, at least ten days before the trial of the suit.
B. No court of this state shall proceed with the trial of any suit involving any claim referred to in this Section, unless a copy of the petition has been served as required, or such service has been waived as provided in Subsection C.”
The Department argues that the failure of the plaintiff to comply with this statute provided the grounds for the application of the doctrine of contra non valen-tem agere nulla currit praescriptio discussed at length in Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979). One of the categories of situations in which the doctrine was said to apply was where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action. Thus, says the Department, the failure of plaintiff to comply with the provisions of R.S. 46:9 gives rise to the application of the doctrine. This court in Foxworth v. State Farm Automobile Ins. Co., 308 So.2d 348 (La.App. 4th Cir. 1975) and Times v. Wickman, 261 So.2d 113 (La.App. 4th Cir. 1972) had occasion to apply the statute. There plaintiffs failed to comply with it, and both cases were remanded to the district court to require that Charity Hospital be served with copies of the petitions. However, the statute has application to the person who received the treatment for the injuries and does not impose this obligation on survivors as in the instant case.
Therefore, we conclude that the trial judge correctly sustained the exception of prescription and the judgment is affirmed.
AFFIRMED.